O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TORRES RAYGOZA, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NISSAN NORTH AMERICA; a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 5:25-cv-06352-MEMF-BFM<br><br>**ORDER DENYING MOTION TO REMAND [DKT. NO. 8]** |

　　Before the Court is a Motion to Remand filed by Plaintiff Jose Torres Raygoza Dkt. No. 8. For the reasons stated herein, the Court DENIES the Motion to Remand.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. Background

### A. Factual Background[1]

Plaintiff Jose Torres Raygoza is an individual residing in California. *See* Dkt. No. 1-2 ¶ 2 ("Compl."). Defendant Nissan North America, Inc. ("Nissan") is a Delaware Corporation. *Id.* ¶ 3. Nissan's principal place of business is in Tennessee. *See* Dkt. No. 1. Notice of Removal at 3. ("Removal").

Raygoza purchased a 2020 Nissan Versa ("the Subject Vehicle") in August 2023. Compl. ¶ 8. Raygoza received various warranties in connection with the purchase. *Id.* ¶¶ 8-9. The Subject Vehicle was delivered with defects and nonconformities to warranty and developed further issues over time. *Id.* ¶ 10.

In his Complaint, Raygoza seeks the following relief: (1) general, special, and actual damages according to proof at trial; (2) recission of the purchase contract and restitution for all monies expended; (3) diminution in value; (4) incidental and consequential damages according to proof at trial; (5) civil penalty in the amount of two times Plaintiff's actual damages; (6) prejudgment interest at a legal rate; (7) reasonable attorney's fees and costs of suit. *See id.* at 14. The Complaint does not expressly state an amount in controversy. *Id*.

### B. Procedural History

Raygoza filed suit in Ventura County Superior Court on May 14, 2025. *See id.* Raygoza brings three causes of action: (1) breach of express warranty in violation of the Song-Beverly Act; (2) breach of implied warranty in violation of the Song-Beverly Act; and (3) violation of Section 1793.2(b) of the Song-Beverly Act. *See id.*

---

[1] The following factual background is derived from the Complaint. Dkt. No. 1-2 ("Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

Raygoza served Nissan with process on May 22, 2025. *See* Dkt. No. 8 at 5. Nissan filed an Answer on June 24, 2025. *See* Dkt. No. 8-5. On July 11, 2025, Nissan removed the action to this Court pursuant to 28 U.S.C. § 1332 et. seq., and § 1446(b)(1). Dkt. No. 8 at 3-5.

On August 11, 2025, Raygoza filed the instant Motion to Remand. Dkt. No. 8 ("Motion" or "Mot."). Raygoza also filed a supporting declaration with several exhibits. *See* Enav Decl. Nissan filed an Opposition to the Motion on August 25, 2025. Dkt. No. 11 ("Opposition"). Raygoza did not file a reply.

## II.     Applicable Law

The "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Civil actions may be removed from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

One basis for removing a state action is diversity jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship from all defendants, and (2) the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C § 1332(a).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. There are two different possible deadlines for a defendant to remove, depending on the circumstances. *See* 28 U.S.C. 1446(b); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-93 (9th Cir. 2005). The first deadline arises if the "case clearly is removable on the basis of jurisdictional facts apparent from the fact of the complaint": if so, the defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692.

If "it is unclear from the complaint whether the case is removable," then the defendant need not immediately remove, and instead must remove during the second deadline, which arises "within

thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C. § 1446(b)(1)). Courts have consistently held that the removal clock does not start if the initial pleading is indeterminate regarding removability. *Id*. at 694; *see Diaz v. Allstate Northbrook Indemnity Company*, 625 F.Supp.3d 1052, 1059 (9th Cir. 2022). These time limits are mandatory and strictly enforced, with any ambiguity resolved in favor of remand. *Id.* at 1059; § 1446(b).

Additionally, if the plaintiff subsequently challenges the removal, the defendant seeking removal of an action from a state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F. 3d 1102, 1106-07 (9th Cir. 2010).

For example, in cases where "the amount in controversy is not clear on the face of the complaint . . . the defendant must submit summary-judgment-type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)) (internal quotations omitted). The defendant has met its burden if it can establish "that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

**III.   Discussion**

    **A.  Nissan's Removal is Timely.**

Raygoza argues that this case must be remanded for two reasons: (1) Nissan's removal was untimely, Nissan sought removal more than 30 days after Plaintiffs served Nissan with the

Complaint, and (2) Nissan's removal was untimely because Nissan sought removal after it had filed an Answer.[2] *See* Mot.

With respect to the first argument, the first thirty-day period for removal would have begun upon service of the Complaint only if Nissan received an initial pleading that affirmatively revealed on its face the facts necessary for federal court jurisdiction. But Raygoza did not provide an amount in controversy in his Complaint, a fact necessary in order to show Nissan its duty to remove had been triggered. *See* Opposition at 8. Although he indicated the purchase price, that alone does not establish the amount in controversy given the applicable deductions under the Song-Beverly Act and the request for an unknown amount of attorney fees. Since the Complaint on its face did not reveal that the case was removable, Nissan may remove at any time. 28 U.S.C. § 1446(b)(3). This Court may rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal because "those grounds [must] be apparent within the four corners of the initial pleading or subsequent paper." *Bankers Life and Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

With respect to the second argument, the fact that Nissan sought removal after filing an Answer in state court does not necessarily make the removal untimely. The filing of the Answer does not waive Nissan's right to removal because the Complaint does not "on its face" provide notice of a basis for removal. *Chapman*, 969 F.2d at 163. As stated above, the Complaint does not allege any amount in controversy that would make Nissan become aware of a duty to remove within

---

[2] Raygoza concedes that there is complete diversity of citizenship and that the amount in controversy is over $75,000. *See* Mot. at 2. Raygoza takes issue only with the "procedural defect" that Nissan's Notice of Removal was purportedly untimely. *See id.*

the four corners of the initial pleading or subsequent paper. *Bankers Life and Cas. Co.*, 425 F.3d at 691.

Moreover, since Raygoza's initial pleading did not provide notice of removability, the second removal period would have begun only once Nissan received an amended pleading, motion, order, or other paper from which it may have first ascertained that the case is removable. 28 U.S.C. § 1446(b). The Ninth Circuit has clarified that the removal clock does not start based on defendant's subjective knowledge or duty to investigate; the jurisdictional facts must be apparent from the face of the document received. *Bankers Life and Cas. Co.*, 425 F.3d 689, 693. Raygoza has identified no such document. *See generally* Motion.

Finally, Raygoza claims that Nissan only filed the removal for "strategically advantageous reasons." *Id.* at 3, 5. The Court finds that even if Nissan removed for "strategically advantageous reasons," this would not establish that its removal is not timely. *Id*.

Accordingly, the Court finds Nissan's removal was timely. The Court notes that Raygoza did not file a Reply and therefore appears to concede the arguments in the Opposition.

### B. The Court has Subject Matter Jurisdiction.

In the present case, the Court has subject matter jurisdiction between the parties, which requires (1) complete diversity of citizenship between plaintiff and defendant, and (2) the amount in controversy must at least be $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1)). Parties are said to be diverse if the plaintiff does not share citizenship or domicile with the defendant at the time of removal. *Id*.

i. Diversity of citizenship is undisputed.

The first requirement for diversity jurisdiction is satisfied: neither party disputes that Raygoza is a citizen of California, and that Nissan is a citizen of Delaware and Tennessee. *See* Opposition at 4-6.

ii. The amount in controversy is satisfied.

The second requirement for diversity jurisdiction is also satisfied: an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). As discussed above, the amount in controversy is not clear from the face of the Complaint. Raygoza pleads that the arithmetic calculation in *Kuxhausen* was used to calculate the requested "prayer for restitution and civil penalties alone establishes $70,176.24," Compl. at 5, without including the other prayers for relief. *BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). The prayer for relief does not expressly indicate whether the total amount Raygoza seeks exceeds $75,000, but only states the value of the vehicle. Compl. at 9.

As a result, Nissan must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2017). Nissan explains in its Notice how it arrived at a figure greater than $75,000, which relied on its independent investigation and estimate of applicable deductions and attorney fees. Notice of Removal at 4-5, Dkt. No. 1. Raygoza did not challenge this figure in his Motion nor did it file a Reply, so the Court finds that Raygoza concedes this. *See generally* Motion. As a result, the Court finds the amount in controversy requirement is met. As such, the Court finds it has subject matter jurisdiction.

**C. Raygoza is Not Entitled to Attorney Fees.**

The Court only awards attorney fees when the removing party lacked an objectively reasonable basis for seeking removal. 28 U.S.C. § 1447(c). *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139-41 (2005). Here, the Court finds Nissan's removal is proper, timely, and within the Court's jurisdiction. *See. Franklin Capital Corp.*, 546 U.S. at 132 (holding absent unusual

circumstances, courts cannot award attorney fees where the removing party had an objectively reasonable basis for seeking removal). Nissan sought removal on an objectively reasonable basis: federal jurisdiction. *See* Opposition. For the reasons stated above, the Court finds that Raygoza is not entitled to attorney fees.

### IV. Conclusion

For the reasons stated herein, Raygoza's Motion is DENIED. The Court will issue an order setting scheduling conference forthwith.

IT IS SO ORDERED.

Dated: November 24, 2025          _____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge